IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: COLOPLAST CORP. PELVIC SUPPORT
SYSTEMS PRODUCTS LIABILITY LITIGATION

MDL 2387

-----------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 10**
(Direct Filing Order; Master Complaint, Short Form Complaint, Amended Short Form Complaint and Master Responsive Pleadings Due Date)

To eliminate the delays associated with the transfer of cases filed in or transferred from other federal district courts to this court as part of MDL No. 2387, to promote efficiency and to accommodate plaintiffs who wish to bring claims against defendants in more than one pelvic repair system MDL, it is **ORDERED** as follows:

A.  General.

(1) The attached Master Long Form Complaint and Jury Demand ("Master Complaint") against Coloplast Corp., Analytic Biosurgical Solutions ("ABISS"), Mentor Worldwide LLC, Coloplast A/S, Coloplast Manufacturing US, LLC, and Porges S.A. (collectively referred to as "defendants") (Exhibit A), the Short Form Complaint for new cases against defendants and others (Exhibit B), the Amended Short Form Complaint for existing cases (Exhibit C), have been presented to the court, and the court **DIRECTS** that the Clerk file the same.

(2) Defendants shall file their Master Answers on or before **January 28, 2013**.

(3) The court refers the parties to Exhibit D, "Amended Filing Instructions for Short Form Complaints and Amended Short Form Complaints," which is appended to this Order.  **To the extent plaintiffs have questions about this Order, they are instructed to contact plaintiffs' co-liaison counsel (Harry Bell, Paul Farrell, Carl N. Frankovitch).**

(4) All factual allegations pled in the Master Complaint and all responses pled in defendants' Answers are deemed pled in any previously filed Complaint and Responsive Pleading now pending in this MDL proceeding, and in any Short Form or Amended Short Form Complaint and Entry of Appearance hereafter filed; provided, however, the Master Complaint is applicable only as against defendants.

B. Directly Filed Cases.[1]

(1) Subsequent to the filing of this Order, all actions initially filed directly in the Southern District of West Virginia in MDL 2387 against defendants named in the attached Master Complaint shall be filed by the Short Form Complaint.  **If a Short Form Complaint is not utilized, the complaint will be struck from the docket; the plaintiff will have to file a Short Form Complaint and pay a second filing fee.**

(2) Subsequent to the filing of this Order, if a plaintiff filing a new case alleges she was implanted with products manufactured or marketed by defendants in more than one MDL (i.e., plaintiff was implanted with a Coloplast Corp. product and a product manufactured by a defendant named in a Master Long Form Complaint in MDL Nos. 2187, 2325, 2326 or 2327) and has claims against such defendants, then the plaintiff

---

[1] A "Directly Filed Case" is a case filed in the Southern District of West Virginia for inclusion in this MDL, but the Southern District of West Virginia does not necessarily have personal jurisdiction over the parties.

may choose in which MDL to initially file. However, such a plaintiff must check off each applicable defendant on the Short Form Complaint.

(3) If a plaintiff filed directly in the Southern District of West Virginia in this MDL prior to the entry of this Order and named defendants other than those named in Master Complaints in this or the other three MDLs cited above, direct filing was inappropriate, and the plaintiff should either dismiss the inappropriately named defendants and file an **Amended** Short Form Complaint within 90 days of the entry of this Order or dismiss the direct filed case without prejudice and pursue her claims in her home district with subsequent transfer to this District through the MDL Panel. A plaintiff need not move to amend.

(4) This court shall not be deemed to be the "transferor court" simply by virtue of the action having been directly filed in this District in this MDL. The direct filing of actions in MDL No. 2387 in the Southern District of West Virginia is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407; the parties submit to this court's personal jurisdiction and venue in the Southern District for those purposes only. Upon completion of all pretrial proceedings applicable to a case directly filed in the Southern District, the defendants do not intend to waive their rights to transfer any case in this MDL to a court of proper venue under 28 U.S.C. § 1406(a). At the conclusion of all pretrial proceedings, the court, pursuant to 28 U.S.C. § 1404(a), will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case, or on its own determination after briefing from the parties if they cannot agree. In an effort

to avoid serial objections to venue in a single action, plaintiff shall identify in response to a defendant's venue objection, proposed alternative venues in order of preference, so that the court can consider at the same time, any objections to plaintiff's alternative choices.

C. Cases Transferred by the Judicial Panel on Multidistrict Litigation ("MDL Panel").[2]

   (1) For those cases transferred to MDL No. 2387 from another Federal District Court by the MDL Panel **after** the entry of this Order, those plaintiffs, who only named defendants named in Master Complaints in this or in one or more of the other four MDLs cited above (2187, 2325, 2326, 2327), shall file an **Amended** Short Form Complaint within 30 days of receipt of the member case number in MDL No. 2387. For those cases transferred to MDL No. 2387 by the MDL Panel before or after the entry of this order, wherein the plaintiff has named defendants named in Master Complaints in this or the other three MDLs noted above **AND** additional defendant(s) other than those named in Master Complaints, the plaintiff may not file an Amended Short Form Complaint, unless the plaintiff chooses to dismiss the additional defendants.

   (2) Upon completion of the pretrial proceedings relating to a civil action as determined by this court, civil actions in this MDL which were transferred to this court by the MDL Panel shall be transferred for further proceedings to the District Court from which such action was transferred to this MDL.

---

[2] A "Case Transferred by the MDL Panel" is a case filed in a district other than the Southern District of West Virginia and subsequently transferred to the Southern District by the MDL Panel.

D. All Cases.

(1) If a plaintiff in an existing case files an Amended Short Form Complaint in compliance with this Order that omits a defendant previously named in the prior complaint, the plaintiff is relieved of complying with Rule 41 of the Federal Rules of Civil Procedure in order to properly dismiss that defendant. Rather, where a plaintiff files an Amended Short Form Complaint, the court instructs the Clerk, until further notice, to add defendants named in MDLs 2187, 2325, 2326, 2327 and 2387 as indicated on the Amended Short Form Complaints and to terminate any defendant not so indicated. If a plaintiff names an additional defendant listed on a Short Form Complaint but not named in the prior complaint, the plaintiff must comply with Rule 4 as to the new defendant.

(2) To the extent any change in parties on an Amended Short Form Complaint suggests that the case should be in a different MDL, an Amended Short Form Complaint should be accompanied by a motion to transfer MDLs. Attached hereto as Exhibit E is a PDF fillable form entitled "Motion to Transfer MDL," which also can be found on the court's website. The court strongly encourages use of this form.

(3) **Plaintiffs should not add parties to the Short Form or Amended Short Form Complaints or file versions of the Short Form or Amended Short Form Complaints that do not exactly match such complaints found on the court's website. The court will strike Short Form and Amended Short Form Complaints adding any party not named in a Master or Amended Master Complaint in MDLs 2187, 2325, 2326, 2327 of 2387. In the event a directly filed**

- 5 -

**Short Form Complaint contains defendants not named in Master or Amended Master Complaints, the striking of such a pleading filed in a new case will require refiling and payment of a second filing fee.**

(4) **Plaintiffs must file the Amended Short Form Complaint in their member case, not in the main MDL case.**

(5) Each Short Form Complaint shall indicate those counts in the Master Complaint that are being asserted in the individual case and the specific consumer protection statute, if any, upon which the plaintiff relies.

(6) The defendants named in the Master Complaint, Coloplast Corp., Analytic Biosurgical Solutions ("ABISS"), Mentor Worldwide LLC, Coloplast A/S, Coloplast Manufacturing US, LLC, and Porges S.A., are not required to file answers to Short Form or Amended Short Form Complaints. An Entry of Appearance (including an appearance entered prior to the filing of the Short Form Complaint) by an attorney representing such a defendant shall constitute a denial of all allegations in the Short Form or Amended Short Form Complaint filed against any of the defendants named in the Master Complaint and an assertion of all defenses that are included in the Answers of these defendants once they are filed.

(7) If a defendant in MDL Nos. 2187, 2325, 2326 or 2327 is named in a case in this MDL, an Entry of Appearance (including an appearance entered prior to the filing of the Short Form or Amended Short Form Complaint) by an attorney representing such a defendant shall constitute a denial of all allegations in the Short Form or Amended Short Form Complaint filed against any such defendant. In addition, the Master

Responsive Pleading filed by that defendant in its designated MDL is deemed to be filed in that particular case.

(8) Upon agreement of the parties, given the large number of Complaints being filed, plaintiffs' counsel will meet and confer with defendants' counsel to advise defendants before implementing any default procedures, and will provide defendants ten business days in which to cure any alleged default.

(9) Defendants shall have 30 days from the entry of this Order to file any motion asserting that the Master Complaint fails to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), and plaintiffs shall have 20 days thereafter to respond to the same.

The court **DIRECTS** the Clerk to file a copy of this order in 2:10-md-2387 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:12-cv-08771. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: December 13, 2012

*[signature]*
Joseph R. Goodwin, Chief Judge