**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: COLOPLAST CORP. PELVIC SUPPORT SYSTEMS PRODUCTS LIABILITY LITIGATION** *ALL COLOPLAST WAVE 5, 6 AND 7 CASES* | Master File No. 2:12-MD-02387 MDL 2387 JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
<u>NOTICE OF DEPOSITION OF DR. BRUCE ROSENZWEIG</u>**

Plaintiffs in the above referenced case (hereinafter "Plaintiffs") hereby respond and object to Defendant's Notice of Deposition of Dr. Bruce Rosenzweig and accompanying document requests (the "Notice and Requests").

By making the accompanying responses and these objections to Defendant's requests for production, Plaintiffs do not waive, and hereby expressly reserve, their right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges to these objections and responses.

**GENERAL RESPONSES AND OBJECTIONS
TO NOTICE AND REQUESTS TO PRODUCE**

Plaintiffs object to the timeliness of the Requests on the grounds that Fed. R. Civ. P. 34(b)(2)(A) allows the party served up to 30 days to respond to a discovery request. Defendant served these Requests on or about April 14, 2019 with a demand that documents be produced at the deposition less than 30 days thereafter. Accordingly, Defendant's demand is improper under the Federal Rules.

Plaintiffs object to each of the document requests contained in Defendant's Notice of Deposition, and further object that the requests as stated are vague and over burdensome. As

worded, the discovery requests would in effect require the expert to reproduce all training and entire research over the years, and all interactions with other professionals and scientists on the subject matter.

Plaintiffs object to each document request to the extent that it purports to impose any requirement or discovery obligation greater or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Plaintiffs generally object to each document request that is overly broad or to the extent it seeks documents protected from disclosure by attorney work product doctrine, or laws and regulations governing disclosure of protected private health information, including, but not limited to the Health Insurance Portability Accountability Act of 1996 ("HIPAA") and related regulations. Should such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any applicable privileges.

## SPECIFIC RESPONSES AND OBJECTIONS TO NOTICE AND REQUESTS TO PRODUCE

**Request No. 1:** A copy of the witness's current resume or Curriculum Vitae.

**Response and Objections to Request No. 1:** Plaintiffs refer Defendant to Dr. Pence's Rule 26 report previously served in this matter, which includes a copy of her current Curriculum Vitae.

**Request No. 2:** A list of publications authored by you in the previous 10 years, if not included on your Curriculum Vitae.

**Response and Objections to Request No. 2:** Plaintiffs object to this Request on the grounds that it is vague and overly broad with respect to "publications authored by you" and, therefore, it seeks information related to products other than those implanted in the Plaintiffs and at issue in this lawsuit. Plaintiffs further object to Request Number 2 to the extent said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect

communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). *See also Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009). Subject to the foregoing objections, Plaintiffs refer Defendant to the expert witness' Rule 26 report previously served in this matter.

**Request No. 3:** A list of cases in which you have testified as an expert during the past four years, either at trial or in deposition, if not included on your Curriculum Vitae.

**Response and Objections to Request No. 3:** Plaintiffs object to the request as stated as being beyond the scope of discovery required to be produced under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs also object to this Request as being overly broad and as for asking for material not recorded or retained by this witness. Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions or testimony given outside of the above captioned case. Subject to the foregoing objections, Plaintiffs refer Defendant to the expert witness' Rule 26 report previously served in this matter.

**Request No. 4:** A complete copy of your file on this case, including, but not limited to, all published and unpublished literature, documents, and data considered by you in formulating any opinions offered in this case.

**Response and Objections to Request No. 4:** Plaintiffs object to Request Number 4 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). *See also Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 5:** All correspondence or other written communications in any form between you and Plaintiffs or their attorneys, to the extent that such communications:

a. Relate to your compensation;
b. Identify facts or data that you were provided and that you considered in forming your opinions; or
c. Identify assumptions that Plaintiffs' counsel provided you and that you relied on in forming your opinions.

**Response and Objections to Request No. 5:** Plaintiffs object to Request Number 5 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case. Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during her review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure. Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in

electronic format, be produced. Plaintiffs further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

Subject to the foregoing, Plaintiffs refer Defendant to the expert witness' Rule 26 report previously disclosed in this matter.

**Request No. 6:** Any and all documents, including but not limited to billing statements, billing records, employee records, time sheets, and/or invoices, that reflect the amount of time spent or amount of compensation received for any of your work relating to this case, including any retainer that you have requested or been paid.

**Response and Objections to Request No. 6:** Plaintiffs object to this request upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). *See also Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Case 2:12-md-02387 Document 2465 Filed 04/23/19 Page 8 of 10 PageID #: 17233

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced. Plaintiffs further object to the all-inclusive phrase "all documents" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested. Plaintiffs further object to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 7:** All final reports and/or writings that you have prepared concerning this case.

**Response and Objections to Request No. 7:** Plaintiffs object to this request to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

8

Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). *See also Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009). Without waiving the foregoing objections, Plaintiffs have produced reports in this case, and reserve the right to supplement or amend these reports as permitted under the Rules.

DATED: April 23, 2019

                                          Respectfully submitted,

                                          /s/ Riley L. Burnett, Jr.
                                          Riley L. Burnett, Jr.
                                          BURNETT LAW FIRM
                                          3737 Buffalo Speedway, 18th Floor
                                          Houston, Texas 77089
                                          RBurnett@rburnettlaw.com
                                          Telephone: (832) 413-4410

                                          /s/ Robert Salim
                                          Robert Salim
                                          SALIM-BEASLEY, LLC
                                          1901 Texas Street
                                          Natchitoches, LA
                                          robertsalim@cp-tel.net
                                          Telephone: (318) 352-5999

                                          /s/ Mark Mueller
                                          Mark Mueller
                                          MUELLER LAW PLLC
                                          404 W 7th Street
                                          Austin, TX  78701
                                          mark@muellerlaw.com
                                          Telephone: (512) 478-1236

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2019 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Kare H. Beyea-Schroeder
Karen H. Beyea-Schroeder
BURNETT LAW FIRM
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77089
RBurnett@rburnettlaw.com
Telephone: (832) 413-4410