IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: COLOPLAST CORP.
PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION             MDL 2387

**ORDER**

Pending before the court is Lana C. Keeton's Notice of Appeal of Docket Entry 8580 [sic 2617] and All Related Orders Denying Keeton's Motion for Recusal of Judge Joseph R. Goodwin in All 7 MDL'S. [ECF No. 2672]. Ms. Keeton filed this Motion pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. Because it was filed via Rule 60(b), this Motion will be treated, not as a Notice of Appeal, but as a Motion for Relief from a Judgment or Order which is governed by Rule 60.

Ms. Keeton filed an earlier motion seeking my recusal on August 23, 2019. [EFC No. 2617]. I denied this motion on September 11, 2019. [ECF No. 2636]. Exactly one year later, on September 11, 2020, Ms. Keeton filed the instant Motion seeking relief from the order denying her motion for recusal under Rule 60(b)(3). [ECF No. 2672].

Rule 60(b)(3) permits the court to "relieve a party or its legal representative from a **final** judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. *Fed. R. Civ. P.* 60(b)(3) (emphasis added). The comments to Rule 60 emphasizes that the "addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the court . . . ." *Id.*,

Committee Notes on Rules, 1946 Amendment. The Fourth Circuit has confirmed many times that an order denying a recusal is not a final order. *Okpala v. Computer Sciences Corp.*, 636 F. App'x 878, 879 (4th Cir. 2016); *Raynovich v. Brown*, 914 F.2d 248(Table); *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 198 (4th Cir. 1964).

The order denying Ms. Keeton's Motion for Recusal was not a final judgment, order or proceeding in any sense of the word, and therefore, relief from it cannot be sought via Rule 60(b). Because Rule 60(b) does not apply to the September 11, 2019, order [ECF No. 2636], Ms. Keeton's Motion [ECF No. 2672] filed pursuant to Rule 60(b) is **DENIED.**

The Clerk is directed to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 17, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE